THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  5:20CR832 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARQUESS SHEPARD, | ) | |
| | ) | (Resolves Doc. 11) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Marquess Shepard's motion to suppress (Doc. 11). The Government has opposed the motion, and no reply has been filed.  Upon review, the motion is DENIED.

In his motion, Shepard challenges the search of a residence located at 1153 La Croix Avenue, Akron, OH.  Shepard contends that the warrant did not authorize a no-knock entry, that insufficient information was provided to authorize a search for firearms, that information regarding the identity of one party was lacking, that the informant's reliability was not sufficiently established, and that a separate warrant should have been sought to search the contents of his phone.  The Court reviews each of those arguments below.

1. <u>Reliability of the informant</u>

"A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007)(quoting

*Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates*, 462 U.S. at 231). In turn, when a warrant is supported by an affidavit, "[c]ourts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). Therefore, "review of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id*. Thus, "[t]o justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)(quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)).

The Sixth Circuit has previously explained that "in the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *Frazier*, 423 F.3d at 532. "[T]his independent police corroboration may be established by a police-monitored controlled buy[.]" *United States v. Hawkins*, 278 Fed.Appx. 629, 635 (6th Cir. 2008). Indeed, law enforcement officers frequently employ controlled purchases of illegal narcotics in order to establish probable cause in circumstances where they cannot personally vouch for the reliability and credibility of a particular confidential informant. *See, e.g., United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (concluding that "corroboration of events that occurred during the controlled buy, as set forth in the affidavit, provide sufficient probable cause to sustain issuance of the search warrant"); *United States v. Coffee*, 434 F.3d 887, 894 (6th Cir.2006) (affirming the district court's conclusion that even though there were no statements in the affidavit about the reliability of the CI, "[the officer's]

2

statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information and, thus, provided sufficient probable cause for the issuance of the search warrant"); *United States v. Pinson*, 321 F.3d 558, 563 (6th Cir. 2003) (noting that "the affidavit in th[e] case contained [the officer's] personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant were later tested positive for cocaine base").

In this case, the affidavit described two controlled buys.  In a case that included only a single controlled buy, the Sixth Circuit held:

> Admittedly, in the instant case, the affidavit only details one controlled purchase and fails to mention whether law enforcement officials monitored the purchase with a listening device. That notwithstanding, and in reliance on [prior precedent], under the totality of the circumstances in this case, the single controlled purchase was sufficient independent corroboration of the confidential informant. Thus, the warrant was supported by probable cause.

*United States v. Henry,* 299 Fed. Appx. 484, 487–88 (6th Cir. 2008).  Unlike in *Henry*, police in this matter conducted electronic surveillance throughout both controlled buys. On each occasion, the CI used funds provided by the office, returned with narcotics, and identified Shepard as the source of the drugs.  The warrant, therefore, was supported by probable cause.

2.  Firearms

As detailed above, the CI's reliability was established by virtue of the two controlled buys.  The affidavit notes that the CI also told officers that Shepard was in possession of firearms at the residence.  Given the evidence of drug trafficking and the CI's specific information regarding firearms, there is no support for Shepard's contention that the warrant lacked probable cause to allow a search for firearms.

3.  <u>No Knock Entry</u>

The record contains no evidence that officers failed to knock and announce themselves prior to the execution of the warrant.  Accordingly, there is no basis for the Court to review whether suppression is warranted.  However, even assuming that the knock and announce requirement had been violated, such a violation does not support suppression.  *Hudson v. Michigan*, 547 U.S 586, 594 (2006) ("Since the interests that *were* violated in this case [by violating the knock and announce rule] have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable.").

4.  <u>Identity of party involved with controlled buy</u>

Shepard next contends that suppression is warranted because the male that initially spoke to Shepard at the start of the controlled buys was not directly identified as him.  One example of Shepard's contentions is as follows:

> Det. Schmidt heard the C/I have a brief conversation with a male inside of 1153 La Croix Ave.  After a brief interaction inside of the house, the C/I was observed exiting the house by Det. Didyk 1231.  The C/I departed from 1153 La Croix Ave. and returned to a pre- determined  meet location while  under surveillance.  The C/I provided  affiant  with a quantity of Methamphetamine that the  C/I stated was purchased from Marquess Shepard at  1153  La  Croix  Avenue  with  the  funds previously  provided.  The  C/I  was  again searched  and  found  again  not  to be   in  possession  of  any  controlled  substances  or  currency.  The methamphetamine was later field tested by the affiant and the substance tested positive for the presence of methamphetamine.

Doc. 12-1 at 2.  Initially, the Court notes that the CI expressly identified Shepard as the source of the drugs purchased in the controlled buy.  As such, any suggestion that the "male inside" of the residence was not identified seems tenuous at best.  However, even assuming that the initial interaction was with an unknown male, it would not impact the search warrant application.  The warrant authorized the search of the *residence* and items seized in the use of drug trafficking.

The failure to identify every possible person within the residence has no impact on the probable cause analysis.

     5.  <u>Phone Search</u>

In his final argument, Shepard argues without legal support that a second warrant should have been required to search the contents of his cell phone.  In so doing, Shepard ignores that the affidavit contained specific information that his cell phone was utilized to set up the controlled buys.  On those facts, the warrant properly authorized the search of any "electronic storage devices (and any electronically stored information found on such devices)[.]"  Doc. 12-2 at 1.  "[A] second warrant to search a properly seized [electronic device] is not necessary 'where the evidence obtained in the search did not exceed the probable cause articulated in the original warrant.'"  *United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012).  As the probable cause in the affidavit in support of the warrant specifically detailed use of the cell phone in drug trafficking activities, it was properly searched pursuant to the initial warrant.

Based upon the above, the Court finds no merit in any of the arguments put forth by Shepard.  Shepard's motion to suppress is DENIED.

IT IS SO ORDERED.


Dated: <u>9/30/2021</u>                            <u>*/s/ Judge John R. Adams*       </u>
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT